IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40652
Summary Calendar
_____

THEODORE SIMMONS,

Plaintiff - Appellant,

versus

TRACY MURPHY, University of Texas Medical Branch Health Services
Manager Individually and in official capacity;
KENNETH BOWN, DR., University of Texas Medical Branch Medical
Director Individually and in official capacity;
THOMAS ANDERSON, University of Texas Medical Branch Doctor
Individually and in official capacity;
MOLLY JOHNSON, RN, University of Texas Medical Branch
Individually and in official capacity;
ANDREA MARTIN, RN, University of Texas Medical Branch
Individually and in official capacity;
PEGGY GRIFFIN, LVN, University of Texas Medical Branch
Individually and in official capacity,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-653
--------------------
April 25, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Theodore Simmons, Texas prisoner # 637798, appeals from
the district court's dismissal of his civil rights complaint filed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pursuant to 42 U.S.C. § 1983 as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Prison officials violate the Eighth Amendment proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297, 302-05 (1991). The medical records and Simmons' own allegations support the determination that the defendants did not act with deliberate indifference and that his condition was not serious. Simmons' allegations reflect his personal disagreement with the Michael Unit medical personnel's decision not to issue him a permanent clipper shave pass ("CSP") which included his mustache and in requiring him to shave in order to evaluate his condition. Such disagreement with the treatment he received does not amount to deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Thus, the district court did not err in its judgment.

Simmons argues that the district court erred in using a report of the type described in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), to resolve disputed factual issues. Whether Simmons had a permanent CSP which included his mustache in 1996 does not directly contradict the finding, based on the Martinez report, that during the time relevant to this lawsuit, November 1998 to January 2001, Simmons was issued temporary CSPs, which did not include the mustache area. Nor does the finding in the Martinez report that the "full face" CSP did not include the mustache contradict Simmons' allegation that he believed that "full face" included the mustache area. Simmons' understanding of the

term "full face" is not a factual dispute regarding what "full face" means within the Michael Unit clipper shave policy. Accordingly, Simmons has not shown that the district court erred in its use of the Martinez report.

The judgment is AFFIRMED. The district court's dismissal of the complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Simmons is CAUTIONED that, if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**AFFIRMED; THREE-STRIKES WARNING ISSUED.**